## Ex Parte Morales.

Apelación procedente de la Corte de Distrito de San Juan.

No. 78.—Resuelto en Junio 4, 1904.

Dominio.—Si en la tramitación de una información de dominio no se hubieren cumplido los preceptos y formalidades que previene la ley, ni se hubieren justificado los requisitos necesarios para hacer la declaración de dominio, la información deberá desestimarse.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan por Don Sandalio Morales sobre declaratoria de dominio de dos fincas rústicas, pendientes ante Nos á virtud de la apelación interpuesta por el promovente contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:—

"Puerto Rico, 11 de Junio de 1903.

*Resultando*: que Sandalio Morales y Negrón presentó escrito diciendo es dueño hace más de seis años de 1.—Una finca rústica situada en el término municipal de Loiza, barrio de Cubuy, compuesta de noventa y seis cuerdas, equivalentes á treinta y siete hectareas setenta y tres áreas y diez y ocho centiáreas de terreno de tercera clase, colindantes por el Este con Félix Santos y José R. García; al Sur con la Sucesión de José de Sàntiago; al Norte con Francisco

Estrada y Francisca de los Santos; y al Oeste con la Sucesión de José Gerena é Isidro de la Cruz, siendo su valor el de dos mil dollars; y habiendo adquirido dicha finca, cincuenta y ocho cuerdas por compra á Francisco Rivera, diez y nueve por compra á la Sucesión de Pantaleón García y nueve por compra á Basilio Esquilin, ignorándose el domicilio actual de los vendedores. 2.—Una finca rústica situada en el término municipal de Loiza, barrio de Lomas, compuesta noventa y dos cuerdas, equivalentes á treinta y seis hectáreas, quince áreas y noventa y seis centiáreas de terrenos de tercera clase, colindantes al Este con más terrenos del recurrente; al Oeste con Pascasio Rivera y Julian Echarri; al Norte con J. Ortíz y Ca., al Sud con la Sucesión de Antonio Dominguez en cuyo terreno hay enclavada también de su propiedad, una casa terrera de madera y zinc con doce varas de longitud y diez de latitud destinada á tienda y almacen de frutos y otra casa de igual construcción, terrera, de quince varas de longitud y doce de latitud, destinada á vivienda; siendo el valor de dicho terreno, mil dollars y el de las casas cuatrocientos dollars cada una; habiendo adquirido el terreno, siete cuerdas por compra á Patricio Rivera, ocho y media á Valentín Meléndez; cinco á Juan Meléndez; cuarenta y ocho por compra á Marcelino Morales; y veinte y tres cuerdas y media por compra á la Sucesión de Don Gregorio Negrón cuyos vendedores se ignora también su domicilio actual.

*Resultando*: que en dicho escrito agrega carece de título de dominio y promueve justificación para acreditarlo para que se declare el de los referidos inmuebles y se expida testimonio de esa declaratoria, se proveyó en 22 de Mayo de 1902, con citación del Fiscal y anteriores poseedores se practiquen las pruebas propuestas, declarando tres testigos les consta que Morales posee el dominio de la finca rústica descrita.

*Resultando*: que sin haberlo ordenado el Tribunal se libraron y fijaron edictos en la 'Gaceta' y por no haber manifestado el último domicilio de los anteriores poseedores se ordenó requerir á la parte para cumplir con el precepto del artículo 269 de la Ley de Enjuiciamiento Civil y manifestando fué el pueblo de Río Grande á instancia del actor se libró carta-orden al Juzgado Municipal de dicho pueblo para que tenga efecto la diligencia de citación de aquellos constando se fijó en el sitio de costumbre la cédula de citación que no aparece unida á dichas diligencias.

*Resultando*: que el Ministerio Fiscal por todos esos defectos é informalidades y resultados de la prueba, solicita se deniegue la pretensión deducida en este expediente.

*Considerando*: que no habiéndose cumplido con las prescripciones

que la ley previene, ni con el artículo 269 de la Ley de Enjuiciamiento Civil, no puede prosperar la pretensión deducida.

*Considerando*: que aún habiéndose cumplido dichos preceptos la prueba practicada se limita á lo que del resultado segundo aparece, insuficiente para hacer una declaratoria de dominio por no abarcar los extremos necesarios é indispensables para que apreciada pueda el Tribunal hacerla. No há lugar á la declaratoria de dominio que se pretende. Así lo acordaron y firmaron los señores del Tribunal que certifico.—Juan Morera Martínez.—Frank H. Richmond.—José Tous Soto.—Luis Méndez Vaz.''

*Resultando*: que contra la expresada sentencia interpuso apelación la representación del promovente, la que fué admitida libremente y en embos efectos y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personada la apelante se dió al recurso la tramitación correspondiente y se señaló día para la vista á la que sólo asistió el Sr. Fiscal de este Tribunal Supremo que impugnó el recurso.

Abogado del apelante: *Sr. Ginorio (Emigdio S.)*

Abogado del Pueblo: *Sr. del Toro*, Fiscal.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Fallamos*s que debemos confirmar y confirmamos dicha sentencia, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.